IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

STEVEN C. SPRINGER,

    Plaintiff,

vs.                                                           CASE NO. 1:07CV108-MP/AK

MICHAEL J. ASTRUE,
**Commissioner of Social Security**

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This action is brought pursuant to 42 U.S.C. § 405(g) of the Social Security Act (Act) for review of a final determination of the Commissioner of Social Security (Commissioner) denying Plaintiff's application for supplemental security income benefits (SSI) filed under Title XVI of the Act.

Upon review of the record, the Court concludes that the findings of fact and determinations of the Commissioner are supported by substantial evidence; thus, the decision of the Commissioner should be affirmed.

### A.    PROCEDURAL HISTORY

Plaintiff filed an application for SSI on July 28, 2004, alleging a disability onset date of July 15, 2003, because of chronic neck, back and hip pain, disc disease, depression and anxiety. Plaintiff petitioned for a hearing before an administrative law judge (ALJ), who conducted a hearing on August 18, 2006, and entered an unfavorable

decision on October 17, 2006.  The Appeals Council denied Plaintiff's request for review, thus making the decision of the ALJ the final decision of the Commissioner.  This action followed.

## B.     FINDINGS OF THE ALJ

The ALJ found that the Plaintiff had a combination of severe impairments: cervical and lumbar spondylosis, degenerative disc disease of the cervical spine, osteoarthritis of the right hip, and depression and anxiety secondary to physical pain, but that none of the impairments either singly or in combination meet the listing requirements.  This finding is based on the fact that the medical evidence does not document listing level severity and no acceptable medical source has mentioned findings equivalent in severity to the criteria of any listed impairment.  After careful consideration, the ALJ found Plaintiff capable of light work physically and limited him mentally to unskilled work.  His assessment was more restrictive than the assessments in the record because he gave Plaintiff the benefit of the doubt regarding his limitations due to pain.  This assessment does not preclude Plaintiff from performing his past relevant work as a handyman, and he is, therefore, not disabled.

## C.     ISSUES PRESENTED

Plaintiff argues that the ALJ failed to give adequate reasons for rejecting his allegations of pain, and the ALJ did not consider the combined effects of Plaintiff's impairments, particularly Plaintiff's mental impairments.

The government responds that the ALJ articulated several reasons for his finding that Plaintiff's level of pain, as reported, was not entirely credible.  For instance, the ALJ noted no medical treatment for disabling limitations, no objective support for a condition

**No. 1:07CV108-MP/AK**

that would be expected to produce such a level of pain, and the fact that Plaintiff continued to work off the record. Further, the ALJ considered Plaintiff's depression in assessing his severe impairments and in finding that he was limited to unskilled work. Consequently, there was substantial evidence to support the ALJ's decision that he was not disabled.

The issue thus presented is whether the Commissioner's decision that Claimant is not disabled is supported by substantial evidence in the record and decided by proper legal standards.

### D.    STANDARD OF REVIEW

Title 42 U.S.C. § 405(g) sets forth the standard of review for this court. The Commissioner's decision must be affirmed if it is supported by substantial evidence and the correct legal standards have been applied. Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997). Findings of fact by the Commissioner which are supported by substantial evidence are conclusive. 42 U.S.C. § 405(g). Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). "Substantial evidence" has been defined to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citation omitted) (per curiam). It is more than a scintilla, but less than a preponderance. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted). The court may not reweigh the evidence or substitute its judgment for that of the Commissioner. Wolfe v. Chater, 86 F.3d 1072, 1076 (11th Cir. 1996). It must determine only if substantial evidence

supports the findings of the Commissioner.  See Bridges v. Bowen, 815 F.2d 622, 624 (11th Cir. 1987) (per curiam).  Even if substantial evidence exists which is contrary to the Commissioner's findings, where there is substantially supportive evidence of the Commissioner's findings, the court cannot overturn them.  Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991).  Unlike the deferential review accorded to the Commissioner's findings of fact, his conclusions of law are not presumed valid. Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (citations omitted).  The Commissioner's failure to apply correct legal standards or to provide the reviewing court with an adequate basis for it to determine whether proper legal principles have been observed requires reversal.  Id. (citations omitted).

A disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).  To qualify as a disability the physical or mental impairment must be so severe that claimant is not only unable to do his previous work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ."  42 U.S.C. § 423(d)(2)(A).

Pursuant to 20 C.F.R. § 404.1520(a)-(f), the Commissioner analyzes a claim in five steps:

1. Is the individual currently engaged in substantial gainful activity?

2. Does the individual have any severe impairment?

3. Does the individual have any severe impairments that meet or equal those listed in Appendix 1 of 20 C.F.R. Part 404?

4. Does the individual have any impairments which prevent past relevant work?

5. Do the individual's impairments prevent any other work?

A finding of disability or no disability at any step renders further evaluation unnecessary. Plaintiff bears the burden of establishing a severe impairment that keeps him from performing his past work. If Plaintiff establishes that his impairment keeps him from his past work, the burden shifts to the Commissioner at step five to show the existence of other jobs in the national economy which, given Plaintiff's impairments, Plaintiff can perform. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986); MacGregor v. Bowen, 786 F.2d 1050, 1052 (11th Cir. 1986). If the Commissioner carries this burden, Plaintiff must prove that he cannot perform the work suggested by the Commissioner. Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987). It is within the district court's discretion to affirm, modify, or reverse a Commissioner's final decision with or without remand. 42 U.S.C. § 405(g); Myers v. Sullivan, 916 F.2d 659, 676 (11th Cir. 1990).

E. **SUMMARY OF CLAIMANT'S RELEVANT MEDICAL HISTORY**

Plaintiff reports a history of back pain exacerbated by a fall from a ladder in 2002, which resulted in herniated discs according to him. (R. 220-221, 232-239). Actually, he was treated in the emergency room following the fall and an MRI taken at that time

**No. 1:07CV108-MP/AK**

showed only mild degenerative changes and moderate foraminal narrowing at C3-C4, C4-C5, and C5-C6.  (R. 102).  He received pain medication, trigger point injections, and physical therapy for his back and neck from Dr. Sharma for several years, even though objective testing (EMG, NVS, MRI) showed only mild to moderate changes and his diagnoses was cervical and lumbar strain.  (R. 164, 231, 240-308).  An MRI in October 2004, showed mild scoliosis, mild disc bulge, and mild narrowing.  (R. 133-134).  This MRI was taken after a motor vehicle accident in September 2004, at which time numerous x-rays were taken and no fractures revealed as a result of the accident.  (R. 113-131).  Plaintiff told the treating physician at that time he had been "on disability" for several years.  (R. 128).  Dr. Feussner examined Plaintiff in December 2004 and found him to be within normal limits.  (R. 232-239).  All Physical Residual Functional Capacity Assessments found him capable of medium exertional levels.  (R. 137, 144, 309-316).

The only mental health "treatment" Plaintiff has received was an evaluation done in conjunction with his defense of pending criminal charges, which concluded that he suffered from impaired judgment as a result of pain medication.  (R. 106-109).  All mental capacity assessments found him to be mildly limited.  (R. 159-162, 145-158, 320-323, 324, 336).

A mental consultative examination by Dr. Nazario in April 2005 found his anxiety to be secondary to physical pain.  (R. 317-319).

**No. 1:07CV108-MP/AK**

Medical records submitted after the hearing show that Plaintiff was involved in a motorcycle accident in November 2005 and had a broken patella and a leg wound for which he received increased pain medication. (R. 358-373)

## F.     SUMMARY OF THE ADMINISTRATIVE HEARING

Plaintiff testified that he had a high school education with vocational school for air conditioning and refrigeration. (R. 392). He had done some odd jobs after his onset date, such as putting the brakes on a friend's car, but this particular job did not take long and he had help with it. (R. 394, 405). He also tried to paint some doors and ended up in the emergency room with back "seizures." (R. 395). He told the ALJ about his recent motorcycle accident. (R. 396). His past relevant work was as a handyman for a family for seven years until he fell from the ladder. (R. 387-398). He has severe problems with his back-spasms, four herniated discs, a pinched nerve, a ruptured disc, and pulled ligaments in his neck. (R. 399-400). He takes morphine every day for the pain, but he struggles with side effects such as unclear thinking, memory loss and balance. (R. 400, 403). He believes he needs surgery in his back and hip. (R. 400). He sleeps about 18 to 20 hours a day. (R. 406).

## G.     DISCUSSION

The ALJ fully explained his decision by referencing the lack of objective medical evidence to support the severity of pain and limitation described by the Plaintiff. Although Plaintiff attributes a number of severe conditions: herniated discs, pulled ligaments, and a pinched nerve, to the fall in 2002, two MRI's taken immediately

**No. 1:07CV108-MP/AK**

following that accident and two years later do not show any such conditions.  It also militates against a finding of disabling severity with regard to any of his alleged mental impairments that he has not sought any independent treatment for depression and anxiety.  See <u>Williams v. Sullivan</u>, 960 F.2d 86, 89 (8th Cir. 1992).  This Court will not disturb the findings of the ALJ which are supported by the record, and Plaintiff has failed to substantiate his claims of disabling pain and limitation by reference to any supporting medical records.  None of his treating sources have suggested anything more than conservative treatment and none have suggested that he is disabled.

Accordingly, it is respectfully **RECOMMENDED**:

That the decision of the Commissioner denying benefits be **AFFIRMED**.

At Gainesville, Florida, this  _**13**$^{th}$_  day of May, 2008.


                            <u>_s/ A. KORNBLUM_                         </u>
                            **ALLAN KORNBLUM**
                            **UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.


**No. 1:07CV108-MP/AK**